762 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
GEORGE DEWEY REED, JR. (84-1760), RONALD M. HOLMES
(84-1788), TOMMY JAMES WILSON (84-1789),
DEFENDANTS-APPELLANTS.
 NO. 84-1760, 84-1788, 84-1789
 United States Court of Appeals, Sixth Circuit.
 3/26/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges; and BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendants George Dewey Reed, Jr. (Reed), Ronald M. Holmes (Holmes) and Tommy James Wilson (Wilson) appealed from the district court's denial of their respective motions to dismiss, on collateral estoppel/double jeopardy grounds, an indictment pending against them.
 
 
 2
 On April 17, 1984 trial was commenced on a 38-count indictment which named Reed, Holmes, Wilson and three other individuals as defendants. The indictment alleged that the defendants, utilizing company names such as Bramble Coin and Bramble, Inc., continuously engaged in a scheme to defraud purchasers of gold and silver from January, 1980, to May 20, 1982. This scheme, which was effected by use of the mails and telephone communications, consisted of obtaining orders and payments from customers for the purchase of coins and rare metals, but instead of using the payments to fill said orders, the defendants would use the funds for other purposes, to wit 'the purchase of real estate, investments, salaries of unrelated business, bonuses, hobbies, perquisites, and obtaining items for customers which should have been previously provided.'
 
 
 3
 More specifically, the indictment alleged in count 1 a general scheme to defraud contrary to 18 U.S.C. Sec. 1342 and delineated at length each defendant's role in the plan. The scam described in count 1 was incorporated by reference as a key element in the remaining counts, with the exception of counts 4, 9, 13, 16, 17, 20, 22, 28, 32 and 37.
 
 
 4
 In addition, counts 1, 6, 10, 14, 15, 19, 21, 23-26, 30, 34, and 35 charged use of interstate communication facilities to execute a scheme or artifice to defraud contrary to 18 U.S.C. Sec. 1343. Counts 2, 3, 5, 7, 8, 11, 12, 18, 27, 29, 31, 33, 36, and 38 alleged use of the mails to execute a scheme to defraud in contravention of 18 U.S.C. Sec. 1341. Counts 4, 9, 13, 16, 17, 20, 22, 28, 32, and 37 were predicated upon interstate transportation of money, goods or securities which had been stolen, converted, or taken by fraud as proscribed by 18 U.S.C. Sec. 2314.
 
 
 5
 On May 29, 1984, the jury returned a verdict wherein:
 
 
 6
 (1) Reed was acquitted on counts 10 to 13 and 19 to 38, and convicted on counts 1 to 9 and 14 to 18.
 
 
 7
 (2) Wilson was acquitted on counts 2 to 5, 7 to 13, and 15 to 38, but no verdict was reached on counts 1, 6 and 14.
 
 
 8
 (3) Holmes was acquitted (as was Reed) of counts 10 to 13 and 19-38, but no verdict was returned on counts 1-9 and 14-18.
 
 
 9
 On August 1, the trial court declared a mistrial due to juror misconduct, and granted a new trial for all defendants pursuant to a motion filed by Reed.
 
 
 10
 Prior to commencement of the new trial (premised on the original indictment) Reed, Wilson and Holmes filed various petitions, including a motion to dismiss asserting the doctrines of collateral estoppel/double jeopardy. The government countered with a proposed edited indictment. The modified 18-count indictment reiterated the general scheme to defraud in count 1, but deleted counts 10-13 and 19-38. Thus all three defendants were again charged with violations of 18 U.S.C. Sec. 1343 (wire fraud--counts 6, 14, 15); Sec. 1341 (use of mails to defraud--counts 2, 3, 5, 7, 8, 18); and Sec. 2341 (interstate transportation of money secured by fraud--counts 4, 9, 16, 17). Count 1 is predicated on an alleged violation of 18 U.S.C. Sec. 1342 (use of a fictitious name or address to promote a fraudulent scheme proscribed by Sec. 1341), and all counts contend that the defendants' actions specified therein made them punishable as 'principals' as defined in 18 U.S.C. Sec. 2.
 
 
 11
 A comparison of the first indictment to the amended charges against each defendant, considered in light of the jury's decision on each original count, discloses that as to:
 
 
 12
 (1) Reed: The government deleted counts 10-13 and 19-38 on which he was acquitted, but re-indicted him on counts 1-9 and 14-18, of which he was found guilty during the first trial.
 
 
 13
 (2) Wilson: The government re-indicted him on several counts on which he was originally acquitted by the jury, to wit 2-5, 7-9 and 15-18.
 
 
 14
 (3) Holmes: The government deleted the counts upon which he was acquitted, i.e. 10-13 and 19-38, but reindicted him on counts 1-9 and 14-18, on which counts the jury was unable to reach a verdict.
 
 
 15
 Relying on the standards set forth in Ashe v. Swenson, 396 U.S. 436, 90 S.Ct. 1189 (1970), the trial court ultimately denied the defendants' motion to dismiss the indictment on collateral estoppel/double jeopardy defenses and defendants thereafter brought this timely appeal.
 
 
 16
 The Supreme Court's pronouncements in Ashe, supra, place the burden on the defendant to show that the issue which he seeks to foreclose from a second litigation was decided in his favor in the first trial. U. S. v. Hewitt, 663 F.2d 1381, 1397 (11th Cir. 1982). In determining whether such foreclosure is warranted, the reviewing court must consider the defendant's arguments 'in a practical frame and viewed with an eye toward all the circumstances in the proceeding.' Ashe, supra, 397 U.S. at 444. However, the mere possibility that an issue may have been decided in defendant's favor during the first trial does not proscribe re-examination of that issue at a second hearing. U. S. v. Kalish, 690 F.2d 1144, 1155 (5th Cir. 1982), cert. denied, 459 U.S. 1108 (1983).
 
 
 17
 In the instant case, defendants argue that proof of a 'scheme to defraud' was a key element for conviction under each statute wherein a violation was alleged and thus was a key element for conviction under each count.[1] The gravamen of the argument presented by defendants Reed, Wilson and Holmes is that since the jury acquitted them on some of the counts, i.e. Holmes and Reed on 10 to 13 and 19 to 38 and Wilson on all but counts 1, 6 and 14, the jury must have necessarily determined that no scheme to defraud existed, and thus retrial on any of the counts is barred by collateral estoppel. Defendants' contention in this respect is without merit because, in reality, it simply represents a challenge based upon the inconsistency of the jury's verdict, which does not constitute grounds for reversal. See U. S. v. Powell, ---- U.S. ----, 105 S.Ct. 471, 476 (1984).
 
 
 18
 In view of the foregoing and for the reasons set forth in the district court's opinion, the decision of the court below is AFFIRMED, and the stay which this court previously granted to the defendants is hereby DISSOLVED.
 
 
 
 *
 Hon. William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The elements of mail (Sec. 1341) and/or wire (Sec. 1343) fraud are:
 (1) a scheme to defraud;
 (2) use of the mails or interstate wires to execute the fraudulent scheme.
 See, Blachly v. U. S., 380 F.2d 665 (10th Cir. 1976). However, existence of a scheme to defraud is not necessary for conviction under the transportation of stolen securities statute, 18 U.S.C. Sec. 2314.